UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,

    **Plaintiff,**

v.                                                    Case No. 15-CV-979

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

    **Defendants.**

## DECISION AND ORDER

On January 8, 2016, I denied plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). (Dkt. No. 8.) I ordered plaintiff to submit the $400 filing fee within fourteen days (by January 23, 2016). I advised plaintiff that failure to submit the full filing fee with fourteen days would result in dismissal of this action.

On January 19, 2016, plaintiff filed a motion to vacate my January 8, 2016, order and allow him to proceed in forma pauperis. In this motion, plaintiff disputes the court's determination that he has three "strikes." He contends that he could not have accumulated two strikes in Walker v. Hamblin, 556 Fed. Appx. 532 (7th Cir. 2014), because the court of appeals could only impose a single strike in that appeal. However, the court of appeals determined that plaintiff incurred two strikes in that case: one for filing the Rule 60(b) motion and a second one for appealing the denial of the motion. Under § 1915(g), a "strike" is imposed if an inmate brings an "action or appeal" that is dismissed as frivolous, malicious, or for failure to state a claim. Here, the court of appeals appears to have treated plaintiff's filing the Rule 60(b) motion, which made arguments that "could have been, but were not, raised on appeal," and which "was an attempt to avoid the deadline for filing a direct

appeal," as the bringing of an untimely and frivolous appeal.  See Walker, 556 Fed. Appx. at 532.  The court then deemed the filing of an appeal from the denial of the frivolous Rule 60(b) motion as the bringing of a second frivolous appeal.  The court of appeals thus imposed two strikes.  See Newlin v. Helman,123 F.3d 429, 433 (7th Cir. 1997) (prisoner may incur two strikes during the same case: one in the district court and one on appeal). Combining these two frivolous appeals with Walker v. Department of Corrections, Case No. 96-cv-753 (W.D. Wis.), which was dismissed for failure to state a claim upon which relief may be granted, results in three prior occasions in which Walker brought an action or appeal that was dismissed for one of the specified reasons.  Thus, I did not err in concluding that Walker may not proceed in forma pauperis in this action.[1]

Accordingly, I will deny Walker's motion to vacate my January 6, 2016 order and dismiss this case because Walker has failed to pay the filing fee within the time allowed.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to vacate (Docket No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for failure to pay the filing fee.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2016.

                                      s/ Lynn Adelman
                                      _____
                                      LYNN ADELMAN
                                      District Judge

---

[1] I note that Walker has since incurred a fourth strike, in Walker v. Wall, et al., Case No. 13-cv-0003 (E.D. Wis.), ECF No. 96 (Sept. 9, 2015).  However, that strike was not incurred until after Walker filed the complaint in this action.

2